T.C. Memo. 2006-127

UNITED STATES TAX COURT

JOHN P. AND SHARON LYNN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5948-05L.                    Filed June 19, 2006.

John P. and Sharon Lynn, pro se.

<u>Timothy B. Heavner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Pursuant to section 6330(d), petitioners seek
judicial review of respondent's determination to proceed with a
proposed levy concerning petitioners' 1994 Federal income tax
liability.  The issue to be decided is whether respondent's
determination was an abuse of discretion.  All section references
are to the Internal Revenue Code, as amended.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference.

Petitioners are husband and wife. At the time of the filing of the petition, petitioners resided in Portsmouth, Virginia. Petitioner John P. Lynn is hereinafter individually referred to as petitioner.

Petitioners timely filed a joint 1994 Federal income tax return, reporting a tax liability of $3,671.51 and withholding of $38.27. Petitioners did not submit a payment with their 1994 tax return.

On October 15, 1996, petitioners signed a Form 433-D, Installment Agreement, with respect to petitioners' 1990 and 1994 tax years (the installment agreement).[1] Revenue Officer N. Mitchell signed the installment agreement as the "originator". Pursuant to the installment agreement, petitioners agreed to pay their 1990 and 1994 Federal income tax liability as follows:

---

[1]With respect to petitioners' 1990 tax year, the installment agreement dated Oct. 15, 1996, superseded a prior installment agreement dated Feb. 12, 1993 (the prior installment agreement). The entire tax liability set forth on the prior installment agreement relates to a sec. 6672 trust fund penalty of $5,689.71. We note that we do not have jurisdiction over collection of sec. 6672 trust fund penalties, sec. 6672(c)(2), but that our jurisdiction in the instant case over petitioners' 1994 Federal income tax liability is not affected by that circumstance.

   I/We agree that the federal taxes shown above, plus all
   penalties and interest provided by law, will be paid as
   follows:  $100.00 will be paid on October 24, 1996 and
   $100.00 will be paid no later than the 24th of each
   month thereafter until the total liability is paid in
   full.

Additionally, petitioners agreed to the following conditions:

   While this agreement is in effect, [petitioners] must
   file all federal tax returns and pay any taxes [that
   petitioners] owe on time.

          *     *     *     *     *     *     *

   If [petitioners] don't meet the conditions of this
   agreement, [respondent] will cancel it, and may collect
   the entire amount [that petitioners] owe by levy on
   [petitioners'] income, bank accounts, or other assets,
   or by seizing [petitioners'] property.

          *     *     *     *     *     *     *

   [Respondent] will apply all payments on this agreement
   in the best interest of the United States.

   Pursuant to the installment agreement, petitioners submitted
monthly $100 payments to respondent.  From October of 1996
through December of 1997, respondent applied the payments to
petitioners' 1990 and 1994 liabilities as follows:

| Date recorded | Amount of payment | Tax year |
|---|---|---|
| 10/23/96 | $100 | 1990 |
| 11/25/96 | 100 | 1994 |
| 12/18/96 | 100 | 1994 |
| 1/17/97 | 100 | 1990 |
| 2/20/97 | 57 | 1994 |
| 3/30/97 | 100 | 1994 |
| 4/24/97 | 100 | 1994 |
| 5/29/97 | 100 | 1994 |

| | | |
|---|---|---|
| 6/26/97 | 100 | 1990 |
| 7/25/97 | 100 | 1990 |
| 8/25/97 | 100 | 1990 |
| 9/25/97 | 100 | 1990 |
| 10/23/97 | 100 | 1990 |
| 11/20/97 | 100 | 1990 |
| 12/22/97 | 100 | 1990 |

On or about December 4, 1996, petitioners submitted an offer-in-compromise with respect to petitioners' 1990 liability. Respondent rejected the offer-in-compromise on February 22, 1997. From January of 1998 until March of 2003, respondent applied petitioners' monthly $100 payments exclusively to petitioners' 1990 liability.[2] Petitioners failed to file tax returns with respect to their 1999, 2000, 2001, 2002, and 2003 tax years,[3] and respondent terminated the installment agreement in 2003.

On September 10, 2004, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioners' 1994 tax year. The notice asserted an unpaid tax in the amount of $1,603.56, accrued interest in the amount of $2,217.08 and a "late payment penalty" in the amount of $624.82. Petitioners timely requested an administrative hearing before respondent's Appeals Office pursuant to section 6330 (section 6330 hearing).

---

[2]From January of 1998 until March of 2003, respondent applied 63 separate $100 payments to petitioners' 1990 liability and zero payments to petitioners' 1994 liability.

[3]As of the date of the trial, petitioners had still not filed tax returns with respect to their 1999, 2000, 2001, 2002, and 2003 tax years.

Respondent's Appeals Office assigned the case to Settlement Officer A.T. Munson, who had no prior involvement with petitioners' 1994 tax liability.  On February 3, 2005, Settlement Officer Munson conducted a face-to-face conference with petitioner.  During the conference, petitioner contended that respondent did not properly apply payments made under the installment agreement to petitioners' 1994 liability and that respondent improperly terminated the installment agreement.  Additionally, petitioner stated that petitioners intended to contest in court the penalties and interest related to their 1994 liability.  Settlement Officer Munson informed petitioner that respondent applied the disputed payments to petitioners' 1990 liability rather than petitioners' 1994 liability and that respondent terminated the installment agreement because petitioner did not file tax returns or pay taxes owed with respect to petitioners' 1999, 2000, 2001, 2002, and 2003 tax years.

On February 25, 2005, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy. Petitioners timely petitioned the Court.  The petition set forth the following reasons for relief:  "IRS not fullfilling [sic] original agreement.  Subsequently causing significant additional penalty and interest to accumulate.  Much anguish and

frustration.  We feel relief of penalty and interest will be satisfactory solution."

OPINION

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before respondent's Appeals Office.  Section 6330(c)(1) provides that the Appeals officer must verify at the hearing that applicable laws and administrative procedures have been followed. At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax liability, however, only if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).  In the instant case, petitioners do not challenge the existence or the amount of the underlying liability.  Consequently, we review respondent's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioners contend that they and Revenue Officer Mitchell orally agreed that petitioners' payments under the installment

agreement would be applied first to petitioners' 1994 liability until such liability was extinguished and then to petitioners' 1990 liability.  Additionally, petitioners contend that, but for respondent's misapplication of the payments to petitioners' 1990 liability, the payments would have extinguished petitioners' 1994 liability, and petitioners would not have incurred the related penalties and interest.  Furthermore, petitioners contend that their position is supported by the installment agreement's listing of the 1994 tax year before the 1990 tax year and by respondent's application of six payments during 1996 and 1997 to petitioners' 1994 liability.

Respondent contends that, with the exception of several payments applied to petitioners' 1994 tax liability while respondent considered the offer-in-compromise with respect to petitioners' 1990 tax year, petitioners' payments were applied to the earliest tax year covered by the installment agreement; i.e., 1990, in accordance with respondent's standard operating procedures.  Accordingly, respondent contends that respondent properly applied petitioners' payments in the best interest of the United States pursuant to the terms of the installment agreement and that the determination of respondent's Appeals Office was not an abuse of discretion.

The record does not support petitioners' contentions. Payments not applied to petitioners' 1994 liability were applied

to petitioners' 1990 tax liability.  Petitioner has provided no credible evidence that respondent agreed to apply petitioners' payments first to petitioners' 1994 tax liability until such liability was extinguished.  On the contrary, the written terms of the installment agreement provided that "[respondent] will apply all payments on this agreement in the best interest of the United States."  Petitioners have neither contended nor provided evidence that respondent's application of petitioners' payments was not in the best interest of the United States.  Consequently, we conclude that respondent properly applied petitioners' payments under the installment agreement.

Moreover, the terms of the installment agreement required petitioners to timely file Federal income tax returns and pay taxes due and provided that respondent would cancel the installment agreement if petitioners failed to comply with the terms of the agreement.  As noted above, petitioners failed to file Federal income tax returns and pay taxes with respect to their 1999, 2000, 2001, 2002, and 2003 tax years.  Consequently, we conclude that respondent properly terminated the installment agreement.

During the section 6330 hearing, Settlement Officer Munson provided petitioner with the opportunity to raise any relevant issue relating to the unpaid tax or the proposed levy, and, as described above, Settlement Officer Munson appropriately

addressed the issues raised by petitioner.  Furthermore, the record demonstrates that Settlement Officer Munson properly verified that all applicable laws and administrative procedures were followed and balanced the need for the efficient collection of taxes with the concern that the collection action be no more intrusive than necessary.

On the basis of the foregoing, we hold that the determination of respondent's Appeals Office to proceed with the collection of petitioners' tax liabilities for 1994 was not an abuse of discretion.

To reflect the foregoing,

Decision will be entered for respondent.